(23 C.C.P.A.(Patents)

## In re MURDOCH.

### Patent Appeal No. 3647.

Court of Customs and Patent Appeals.
June 8, 1936.

M. Theodore Simmons, of New York City, for appellant.

R. F. Whitehead, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

GRAHAM, Presiding Judge.

This proceeding is an appeal from the decision of the Board of Appeals of the United States Patent Office, affirming the decision of the Examiner in refusing to allow all the claims of the application of the appellant for a patent on certain alleged improvements in pumping apparatus. The claims are nine in number, of which claims 16 and 21 are typical. They are as follows:

"16. In pumping apparatus of the character described, in combination a pump housing having an axial opening in its rear wall and a tubular extension coaxial with the opening and projecting rearwardly from the housing, an impeller in the housing having a tubular shaft extending through the opening and tubular extension, a motor supported independently of the housing having its shaft fitting in and keyed to the tubular shaft of the impeller, a plastic packing surrounding the tubular shaft and interposed between it and the tubular extension of the housing, and a cap for retaining and compressing said packing, said cap being secured to the outer end of the tubular extension.

"21. In pumping apparatus, a pump housing, a rotary impeller in the housing having a flat rear face rotatable in close proximity to the rear wall of the housing, and a motor having its shaft directly connected to said impeller, the inner face of the rear wall of said housing having a flat inner face composed of a metal having lubricating qualities and located contiguous to the flat rear face of the impeller."

Appellant's device is that type of pump apparatus suitable for dish washing machines, and in which a rotary pump is employed to draw water from the washing chamber of the machine and force the same through suitable nozzles into the washing chamber and upon the articles arranged therein. The specific arrangement shows an electric motor mounted upon the bottom of a tub or water receptable, with a resilient suspended mounting so arranged that by adjusting two nuts the motor and its shaft may be tilted in any desired way to align the shaft with its connecting pump. On the side of the bottom of the water chamber, opposite to the motor, is a sump, or well, into which the water from the machine enters. A pump is in connection with an opening in the inside of the sump, and by means of an impeller draws the water from the sump into the pump, and then forces it out through a pipe into the washing chamber. Suspended from the casing of the pump is a shield which prevents the water from the sump, as it is drawn through the pump, from entering the upper portion thereof, but causes the water to circulate downward and then upward into the pump.

Other features of the appellant's device upon which he claims patentability are a suitable plastic packing interposed between the exterior of the impeller shaft, and the interior of the flange inclosing the same, which plastic packing permits a certain flexibility in the connection; also it is specified that the rotary impeller has a flat rear face, rotatable in close proximity to the rear wall of the pump housing. It

is also claimed, inasmuch as the appellant makes the inner face of the rear wall of said housing of a metal having lubricating qualities, that this is new and inventive; furthermore, it is alleged that the direct connection between the motor and impeller, in other words, their operation upon the same shaft, is new and inventive.

It seems to have been contended before the Examiner that it was improper to reject the appellant's application upon a plurality of references. To this the Examiner replied that he knew of no decision binding upon him to the effect that a claim is allowable "merely because it can only be met by the showings in two, three, four or any other number of patents except one." In summing up, the Examiner stated:

"The examiner holds that each of the features selected by applicant performs only its usual function in its new environment, hence the combined use of all features constitutes merely the choice of suitable expedients from the prior art, and fails to involve invention."

We have made a careful examination of the references.

The patent to Daum, No. 1,133,541, shows a plastic packing similar to that used by appellant in his device. The reference patent to Kieser et al., No. 1,215,-282, shows the use of a shield in a water pump used for the same purpose as appellant uses his. The patent to Elmore, No. 1,357,628, and the patent to Murdoch, No. 1,645,815, both show the rear wall of the impeller and the housing in close contact. In Elmore, the patentee uses rear walls of bronze, and in the appellant's former patent the use of anti-friction metal is taught. In the patent to Stanley, No. 1,453,416, an adjustment may be made in the shaft to make a proper alignment. In the patents to Leggett et al., No. 1,489,257, and Carrey, No. 1,781,161, the motors are hung upon resilient mountings; especially in the patent to Carrey spiral spring mountings are shown, which can be adjusted by the use of nuts. The patent to Koehler, No. 1,714,564, shows the use of metal with anti-friction qualities in bearings. The patents to Skidmore, No. 1,-714,734, and to Schellens, No. 1,723,661, show impellers mounted direct on the motor shaft.

To sum up, every feature which appellant now uses in his washing machine is old in the art. It is not shown that any different result is obtained by the combination of these features than such as would result from the use of each feature individually, and as it has been well known and understood by the art. Therefore, although it may be and probably is true that appellant has produced a good product commercially, it is not seen wherein he has made any invention. This is in harmony with former decisions of this court. See In re Gehres, 73 F.(2d) 505, 22 C.C.P.A.(Patents) 710; In re Rauber, 76 F.(2d) 304, 22 C.C.P.A.(Patents) 1117, and In re Jennings, 48 F.(2d) 660, 18 C.C.P.A.(Patents) 1232. The case last cited is particularly applicable, as it involved a device for aligning a motor and pumps.

The decision of the Board of Appeals is, therefore, affirmed.

Affirmed.